UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THOMAS JACKSON (#636992)                                    CIVIL ACTION

VERSUS

JOHN BEL EDWARDS, ET AL.                                    NO. 16-165-BAJ-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 28, 2016.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**THOMAS JACKSON (#636992)**                               CIVIL ACTION

**VERSUS**

**JOHN BEL EDWARDS, ET AL.**                              **NO. 16-165-BAJ-RLB**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983, purportedly as "next friend" of Gregory Cormier, against Governor John Bel Edwards, State Treasurer John N. Kennedy, Louisiana Public Defender Board Chairman Robert J. Burns, Louisiana State Public Defender John T. Dixon, Jr., 14th Judicial District Court Public Defender Harry P. Fontenot, Jr., and John Does 1-10, complaining that Cormier's constitutional rights are being violated due to the failure of the defendants to provide Cormier with counsel to represent him in a state court collateral proceeding attacking the legality of his sentence. He prays for declaratory and injunctive relief, and monetary damages pursuant to the Americans with Disabilities Act.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995).

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33.  A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).  The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.  *Denton v. Hernandez, supra*, 504 U.S. at 32.  Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915.  *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).  A § 1915 dismissal may be made any time, before or after service or process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."  *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1999 (5th Cir. 1986).

The plaintiff alleges in his Complaint, as amended, that in June of 2015 he was assigned as an inmate counsel substitute and upon inquiring into Cormier's case noted that Cormier's sentence violated double jeopardy.  According to the plaintiff, Cormier's sentence of consecutive prison terms on three counts arising out of a single incident is patently illegal under Louisiana law, and Cormier filed a motion to correct his illegal sentence in July of 2015.[1]  Sometime during the late summer of 2015, the plaintiff allegedly learned that Cormier had suffered a

---

[1] As stated by the Court of Appeal, Cormier was sentenced to 50 years at hard labor for the conviction of attempted second-degree murder; 15 years at hard labor without benefit of parole, probation or suspension of sentence for the conviction of aggravated crime against nature; and 50 years at hard labor without benefit of parole, probation or suspension of sentence for the conviction of armed robbery.  In light of the severity of the offenses, the Court of Appeal found no abuse of the sentencing court's discretion.  *See State v. Cormier,* 487 So.2d 1237 (La. App. 3 Cir. 1986).

stroke.  On November 6, 2015, the plaintiff alleges to have met with Cormier who showed him an order from the state court setting a hearing on his motion on to correct illegal sentence for November 2, 2015.  Cormier was allegedly not transported for the hearing either due to the short notice provided to prison officials or due to his poor health.  The plaintiff alleges to have sent three letters so that the hearing could be reset, and has inquired with prison officials who have responded that they are unable to do anything without a court order with the last response from prison officials being received verbally on March 4, 2016.[2]

  First, it appears that the plaintiff lacks standing to proceed as the "next friend" of Gregory Cormier.  A "next friend" may not file suit in every case in which the person allegedly harmed might file a complaint.  *Weber v. Garza,* 570 F.2d 511, 513 (5th Cir. 1978).  Individuals "not licensed to practice law by the state may not use the "next friend" device as an artifice for the unauthorized practice of law."  *Id.* at 514.  "Next friend" standing is not granted automatically to whomever seeks to pursue an action on behalf of another.  A "next friend" must provide an adequate explanation why the real party in interest cannot appear on his own behalf to prosecute the action, and must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate.  *See Whitmore v. Arkansas*, 489 U.S. 149, 163 (1990).

  The plaintiff in this matter has failed to make the requisite showing that Gregory Cormier cannot appear on his own behalf.  The plaintiff merely alleges that Cormier is "disabled by a stroke."  However, according to the plaintiff's allegations, Cormier recognized that he had received legal mail in the form of an order setting his motion for illegal sentence for hearing and asked to see the plaintiff, an inmate counsel substitute, then and on other occasions.  The plaintiff

---

[2] Notably, the plaintiff has not alleged that he has corresponded with the state court to request that the hearing on Cormier's motion to correct illegal sentence be reset.  The documents attached to the Complaint reflect that correspondence was forwarded to the 14th Judicial District Court Office of the Public Defender and Trish Foster, Legal Programs Director at LSP.  *See* R. Doc. 1-2, p. 20-22.

further alleges that Cormier additionally expressed distress at the delay in his case, and consented to the filing of this matter with the understanding that the plaintiff would be asking the Court to find a lawyer to assist him.  Based on the plaintiff's allegations it does not appear that Cormier lacks the legal capacity to maintain this action in his own name; therefore, the plaintiff lacks standing to act as "next friend" of Cormier.  *See Magallon v. Livingston,* 453 F.3d 268 (5th Cir. 2006) (finding that the plaintiff therein lacked standing as "next friend" where although the real party in interest frequently engaged in self-mutilation and believed himself to be a "man-Angel," he realized that he would be administered lethal injection by means of a needle in his arm in an attempt to stop his heart, lungs, and brain function, was able to consult with his attorneys, and had some understanding about their effort to challenge the lethal injection protocol.)

Additionally, the plaintiff was previously given a reasonable time for ratification, joinder, or substitution and failed, without explanation, to comply with the Court's directive regarding the same.  On March 17, 2016, after reviewing the Complaint (R. Doc. 1), which was signed only by the Plaintiff, the Court forwarded a Deficiency Notice to the plaintiff and advised that, within 21 days from the date of the Notice, the Complaint must be signed by the true plaintiff, and failure to comply would result in dismissal of the suit by the Court without further notice. *See* R. Doc. 3.

In response to the Court's Deficiency Notice, the plaintiff submitted a Complaint which was again signed only by the plaintiff.  *See* R. Doc. 7.  The plaintiff thereafter moved to amend his Complaint, not to add new parties, but rather to substitute and remove defendants, correct typographical errors, and clarify other matters.  *See* R. Doc. 10.  Neither the motion to amend nor the proposed amended complaint are signed by Cormier.  As such, the plaintiff's suit should be

dismissed for lack of standing and failure to prosecute in the name of the real party in interest, Gregory Cormier.  *See* Federal Rule of Civil Procedure 17(a)(3).

In any case, a substantive review of the plaintiff's claims fares no better.  In short, the plaintiff alleges based upon conclusory allegations that the defendants have violated Cormier's constitutional right to counsel under the First Amendment, the Due Process Clause, the Equal Protection Clause, the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act of 1973 by failing to appropriately fund, supervise, and administer the Louisiana state public defender system.  In order for a person to be found liable under § 1983 the person must have been personally involved in conduct causing an alleged deprivation of the plaintiff's constitutional rights, or there must be a causal connection between the conduct of that person and the constitutional violation sought to be redressed.  *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983).  Any implied allegation that the defendants are responsible for the actions of their subordinates or co-employees is alone insufficient to state a claim under § 1983.  *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978).  Further, in the absence of direct personal participation by a supervisory official in the alleged constitutional violation, the plaintiff must allege that the deprivation of his constitutional rights occurred either as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies, or as a result of a breach by the supervisor of an affirmative duty specially imposed upon him by state law.  *Lozano v. Smith, supra*.

There is no constitutional right to counsel in state or federal collateral proceedings. *Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987).  Accordingly, in the absence of any allegations on the part of any defendant, in conduct causing an alleged deprivation of Cormier's constitutional rights, the plaintiff's claims against the defendants have no arguable basis in fact or

in law, and should be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A.

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having recommended that the plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

## RECOMMENDATION

It is recommended that the plaintiff's action be dismissed, with prejudice, for lack of standing, failure to prosecute in the name of the real party in interest, as legally frivolous, and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[3] It is further recommended that the Court decline the exercise of supplemental jurisdiction over the plaintiff's potential state law claims, and that the plaintiff's pending Motions (R. Docs. 2, 4, and 11) be denied as moot.

Signed in Baton Rouge, Louisiana, on April 28, 2016.

                                             **RICHARD L. BOURGEOIS, JR.**
                                             **UNITED STATES MAGISTRATE JUDGE**

---

[3] The Magistrate Judge notes that the court in *Magallon v. Livingston*, 453 F.3d. 268 (5th Cir. 2006) recommended a reasonable time for ratification, joinder, or substitution as a less drastic alternative to dismissal under the facts and circumstances of that matter; however, even if the real party in interest herein, Gregory Cormier, had filed this matter on his own behalf it would still be legally frivolous and fail to state a claim upon which relief may granted. Accordingly, the Magistrate Judge recommends dismissal with prejudice pursuant to 28 U.S.C. §§ 1915(e) and 1915A.